# LUCY M. GALE

## *v.*

# W. SELDEN GALE *et al.*

ELECTION *between alternate provisions in a will—of the time when such election will be barred.* A testator, in his will, bequeaths to his wife an annuity, together with the use and occupation of the homestead during her natural life, or, in lieu of the homestead, bequeaths to her one thousand dollars, to be paid to her by his executors five years after the testator's death, or sooner, if she shall prefer to use it in the erection of a dwelling house, upon a lot given her for that purpose, if she so elects, together with certain other town lots, to further aid and assist in the erection of such dwelling house : *Held,* that under such a will, the widow could not be barred in her election, between these provisions contained in the will, prior to the expiration of the five years after the testator's death, or prior to a tender by the executors of the will, of the alternative devise of one thousand dollars.

APPEAL from the Circuit Court of Knox county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The facts in this case are fully presented in the opinion.

Messrs. LANPHERE & PRICE, for the appellant.

Messrs. WILLIAMS & CLARK, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery, brought by Lucy M. Gale, in the Knox Circuit Court, against the executors and heirs of George W. Gale, deceased. The object of the bill was to compel the conveyance to her of certain real estate in the city of Galesburg, which she claims under the will of deceased, who was her husband. A hearing was had, which resulted in a decree dismissing the bill.

This whole controversy grows out of the construction of the will of George W. Gale, deceased. The portion under which she claims is this:

"I give, bequeath and devise, first: To my beloved wife, Lucy M. Gale, if she shall survive me, the annual sum of six hundred dollars during her natural life, to be paid out of the proceeds of my estate, in equal quarterly payments, at Galesburg. Also, the use and occupation, during her natural life, so long as she should wish to keep house, of the house in which I live, with the grounds around the same, bounded by North and Cherry streets on the south and west, on the east by a line midway between Cherry and Prairie streets, on the north by the garden fence, but subject to the rights of the heirs of William J. Selden; also, a horse, harness and buggy, with right to keep the same for her own use, and hay and grain for use of the horse, in the barn attached to the house in which I live; but if my said wife shall prefer not to occupy the house aforesaid, and in lieu thereof, I give and bequeath to her one thousand dollars, to be paid to her by my executors, out of the proceeds of my estate, five years after my decease, and interest thereon, to be paid annually, at the rate of six per cent., or, if she shall prefer, to be paid to her, to be used in the erection of a house upon the lot hereinafter given to her for that purpose. Upon the same condition, and provided she shall build thereon, I give to my said wife, a building lot on Prairie street, six rods in width, bounded on the west by a line drawn midway between Cherry and Prairie streets, and on the south by a line drawn ten rods from, and parallel to North street, and if she shall build as aforesaid, to further aid in building said house on said building lot, I give to my said wife, lots nine (9), ten (10), eleven (11) and twelve (12), in block fifteen (15), in Gale's Second Addition to Galesburg. These gifts and bequests to be accepted and received by her in lieu of her right of dower to my estate."

It is urged that, by the terms of this provision of the will, the widow was bound to elect, in a reasonable time, whether she would retain the homestead or take the lots and piece of ground upon which to erect a dwelling, and the pecuniary bequest of one thousand dollars for the purpose of erecting such a building. That, having retained and occupied the homestead for more than four years, she is now estopped to elect to take the other provisions of this will, and must be held to have determined to hold the homestead, in full satisfaction of her dower and this other claim under the will.

The whole question in this case, turns upon the true construction of this clause of the will. And, like the construction of all other instruments, this must be determined from the intention of the testator, if that can be ascertained. And for that purpose, resort can only be had to the language of the instrument itself. It is perfectly apparent that appellant, on the death of the testator, had the right to elect under which provision of the will she would take, or whether she would renounce its provisions within the time limited by the statute, and hold under the provisions of the law governing such cases. Having failed to renounce, the consideration of the statute is not involved in this case.

It is obvious that the testator had in his mind the provision of a home for appellant during her life. He first gives her the privilege of retaining the homestead during her natural life, and then gives her the choice of taking, in lieu of it, the building site, and the lots and the thousand dollars with which to erect a dwelling thereon. But which of the two provisions she shall enjoy is left to her free choice, as he nowhere limits or controls it. Nor does he, in terms, fix any period within which she shall exercise this choice. If any period is limited, it is by implication. And we see that he only required his executors to pay to her the thousand dollars designed to aid in constructing this new dwelling, at the end of five years from the time of his death. This would seem to be a

60—48TH ILL.

controling circumstance in fixing the time when she should make the election.

Had he intended to require her to elect at an earlier period than five years, it is reasonable to believe that he would have required the payment of the money designed to aid in constructing the house, at an earlier period. He could not have supposed that she would be required to determine within a year, as is now contended, and if the building and other lots and the pecuniary bequests should be chosen, that she should wait four years before obtaining the money with which to erect the building, and remain homeless during that time, or accomplish the object with her own means. Such a construction would defeat, to a limited extent at least, one of the manifest objects of the testator, which was to furnish his widow with a home so long as she might live. Had she elected within a year to abandon the homestead and take the other provision of the will, she would have been homeless without she could have provided means from some other source to build the new residence,—at least until the five years had elapsed,—as, by electing to take the ground for building and other lots, and the bequest of one thousand dollars, she would from that time have had no further claim to retain the homstead.

It is no more than reasonable to suppose that the testator intended that the widow should have ample time within which to determine which provision of his will she would choose, and his executors within which to pay his debts and settle his estate, before they should be called upon to pay this bequest, if her election should require it. If he had designed the election to be made at an earlier period we may reasonably suppose that he would have expressly required the election to have been so made. From a careful consideration of this clause, in all its parts, we must conclude that it was the intention of the testator to give appellant five years within which to determine which provision of the clause she would choose, unless the executors had tendered her the bequest of a

thousand dollars, when a different question might have been presented. And if so, she has not lost the right by not having manifested her election at an earlier period.

There was much evidence taken to show that appellant had elected to remain in and retain the homestead under the will. An attentive consideration of the whole testimony fails, we think, to show that she ever deliberately elected to take the homestead for life. The evidence is not harmonious, and at most leaves it in doubt what her intentions were, even if she had any that were well formed and definite. In a matter of such importance, a party should not be concluded, unless it is upon clear and satisfactory evidence, and such is not its character in this case.

The court below having arrived at a different conclusion from that which we have announced, the decree of that court must be reversed and the cause remanded.

*Decree reversed.*